IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Rosemarie Kelly<br>**Debtor** | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust<br>**Movant**<br>vs. | NO. 16-14800 JKF |
| Rosemarie Kelly<br>**Debtor** | 11 U.S.C. Section 362 |
| Frederick L. Reigle<br>**Trustee** | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$17,543.84**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | August 2016 through July 2017 at $969.27/month; August 2017 through January 2018 at $976.32/month |
| MFR fees/costs: | $1,031.00 |
| **Total Post-Petition Arrears** | **$17,543.84** |

2. The Debtor shall cure said arrearages in the following manner:

   a). Within seven (7) days of the filing of this Stipulation, the Debtor shall make a down payment of **$7,000**.

   b). Beginning on February 1, 2018 and continuing through July 31, 2018, until the arrearage is cured, Debtor(s) shall maintain, and pay when due, the present post-petition contractual monthly payment of $976.32 on the mortgage (or as adjusted pursuant to the terms of the mortgage), which payments are due on or before the first (1st) day of each month (with late charges assessed after the 15th of the month), plus an installment payment towards the arrearage on or before the last day of each month in the amount of **$1,757.31** for the months of February 2018 through July 2018.

   c). Debtor(s) shall maintain contractual monthly mortgage payments thereafter.

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 11, 2018

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 1/24/18

Michael G. Deegan
Attorney for Debtor

Date: 2/2/18

Frederick L. Reigle
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Jean K. Fitzsimon